timony tending to show that he was not guilty of the offense of desertion.

As we understand the record, appellant is attempting to avoid a trial in Kerr county. In his Annotated Penal Code of Texas, section 239, Mr. Branch states the rule as follows: "A writ of habeas corpus cannot serve the purpose of an appeal, certiorari, mandamus, or quo warranto." See Ex parte Cain, 56 Tex. Cr. R. 538, 120 S. W. 999.

If on the trial of this case the evidence is not sufficient to show the commission of the offense in Kerr county, we apprehend the trial court will so decide. If the question is not correctly decided, an appeal will lie. See Ex parte Windsor (Tex. Cr. App.) 78 S. W. 510.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### MALONE v. STATE (three cases).
### Nos. 14673–14675.

Court of Criminal Appeals of Texas.
Oct. 14, 1931.

A. C. Chrisman, of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

Court of Criminal Appeals of Texas.
Oct. 14, 1931.

### MALONE v. STATE.
### No. 14852.

Court of Criminal Appeals of Texas.
Oct. 14, 1931.

622

## DAVIS v. STATE.
### No. 14597.

Court of Criminal Appeals of Texas.
Oct. 14, 1931.

A. C. Chrisman, of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

#### CHRISTIAN, J.

The offense is theft of chickens; the punishment, confinement in the penitentiary for two years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

#### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.